WO                                                                                           MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Dobson, | No. CV 19-05874-PHX-JAT (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles Ryan, et al., | |
| Defendants. | |

On December 23, 2019, Plaintiff Michael Dobson, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In a January 10, 2020 Order, the Court denied the deficient Application to Proceed and gave Plaintiff thirty days to either pay the administrative and filing fees or file a complete Application to Proceed In Forma Pauperis.

On January 15, 2020, Plaintiff filed a second Application to Proceed In Forma Pauperis. On January 22, 2020, Plaintiff filed a collection of exhibits in a document titled "RE: Paperwork Judge Requested for Brian D. Karth." On January 31, 2020, Plaintiff filed a "Motion for Issu[a]nce of the Subpoena for Medical Records Discovery." In a February 5, 2020 Order, the Court granted the second Application to Proceed, dismissed the Complaint because Plaintiff had failed to state a claim, denied without prejudice the discovery motion, and gave Plaintiff thirty days to file an amended complaint that cured the deficiencies identified in the Order.

1    On February 10, 2020, Plaintiff filed a First Amended Complaint and a second "Motion for Issu[a]nce of the Subpoena for Medical Records Discovery." In a February 26, 2020 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim, denied without prejudice the discovery motion, and gave Plaintiff thirty days to file a second amended complaint that cures the deficiencies identified in the Order.

On March 9, 2020, Plaintiff filed an unsigned "Motion for Injunction to Stop Deliberate Interference of Surgery Under 18 USC 2283," which the Court denied in a March 13, 2020 Order. Plaintiff also filed a Notice of Appeal from the February 26, 2020 Order.

On March 25, 2020, Plaintiff filed a Motion for Extension to Amend (Doc. 19), seeking an extension of time to file his second amended complaint.

## I.    Notice of Appeal and Motion for Extension

Although the filing of a notice of appeal generally divests the district court of jurisdiction over those aspects of the case involved in the appeal, the district court's jurisdiction is not affected when a litigant files a notice of appeal from an unappealable order. *Estate of Conners v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). "When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007). In such a case, the district court "may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Ruby v. Secretary of the United States Navy*, 365 F.2d 385, 389 (9th Cir. 1966).

In the Court's February 26, 2020 Order, the Court dismissed Plaintiff's First Amended Complaint with leave to amend. The February 26, 2020 Order is not an appealable final order under 28 U.S.C. § 1291. *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136-37 (9th Cir. 1997). The Order is not an interlocutory order generally

appealable under 28 U.S.C. § 1292(a), and the Court did not provide the statement necessary to make the Order an interlocutory order appealable under 28 U.S.C. § 1292(b). Because Plaintiff's Notice of Appeal refers to a non-appealable interlocutory order, Plaintiff's Notice of Appeal does not divest the Court of jurisdiction.

The Court, in its discretion, will grant Plaintiff's Motion for Extension.

## II. Warnings

### A. Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in the February 26, 2020 Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Motion for Extension to Amend (Doc. 19) is **granted**.

(2) Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with the February 26, 2020 Order and this Order.

(3) If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

Dated this 2nd day of April, 2020.

James A. Teilborg
Senior United States District Judge