WO                                                                                                          MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Dobson, | No. CV 19-05874-PHX-JAT (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles Ryan, et al., | |
| Defendants. | |

On December 23, 2019, Plaintiff Michael Dobson, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In a January 10, 2020 Order, the Court denied the deficient Application to Proceed and gave Plaintiff thirty days to either pay the administrative and filing fees or file a complete Application to Proceed In Forma Pauperis.

On January 15, 2020, Plaintiff filed a second Application to Proceed In Forma Pauperis. On January 22, 2020, Plaintiff filed a collection of exhibits in a document titled "RE: Paperwork Judge Requested for Brian D. Karth."[1] On January 31, 2020, Plaintiff filed a "Motion for Issu[a]nce of the Subpoena for Medical Records Discovery." In a February 5, 2020 Order, the Court granted the second Application to Proceed, dismissed the Complaint because Plaintiff had failed to state a claim, denied without prejudice the

---

[1] The Court did not request any paperwork from Plaintiff other than information in support of his request to proceed in forma pauperis.

discovery motion, and gave Plaintiff thirty days to file an amended complaint that cured the deficiencies identified in the Order.

On February 10, 2020, Plaintiff filed a First Amended Complaint and a second "Motion for Issu[a]nce of the Subpoena for Medical Records Discovery." In a February 26, 2020 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim, denied without prejudice the discovery motion, and gave Plaintiff thirty days to file a second amended complaint that cured the deficiencies identified in the Order.

On March 9, 2020, Plaintiff filed a "Motion for Injunction to Stop Deliberate Interference of Surgery Under 18 USC 2283," which the Court denied in a March 13, 2020 Order. Plaintiff also filed a Notice of Appeal from the February 26, 2020 Order.

On March 25, 2020, Plaintiff filed a Motion for Extension to Amend. In an April 2, 2020 Order, the Court granted the Motion for Extension to Amend and gave Plaintiff an additional thirty days to file his second amended complaint. On April 6, 2020, Plaintiff filed a Motion to Stay Amendment Pending Appeal, which the Court denied in an April 20, 2020 Order.

On April 24, 2020, Plaintiff filed a Second Amended Complaint (Doc. 23). The Court will dismiss the Second Amended Complaint and this action.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**II.     Second Amended Complaint**

In his one-count Second Amended Complaint, Plaintiff alleges his Eighth Amendment rights were violated as a result of deficient medical care and "fraud." He seeks monetary damages from Defendants former Arizona Department of Corrections (ADC) Director Charles L. Ryan and Nurse Practitioners Gay and Hahn.

Plaintiff's allegations in the Second Amended Complaint are, for the most part, identical to his allegations in the First Amended Complaint. As the Court stated in the February 26, 2020 Order, those allegations suggest, at most, that Defendants Gay and Hahn were negligent in 2017 when they failed to stop Plaintiff's warfarin prior to an appointment with a vascular specialist and failed to schedule a hematology appointment after noting one was needed. However, negligence is insufficient to state an Eighth Amendment deliberate

indifference claim.  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980); *Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002).  Likewise, as the Court explained in the February 26, 2020 Order, Plaintiff's allegations about Defendant Ryan's May 2017 response to an August 2016 grievance appeal are unclear and are too vague and conclusory to state a deliberate indifference claim against Defendant Ryan.

The new allegations in Plaintiff's Second Amended Complaint discuss an April 2020 diagnosis, an April 2020 response from "ADC/Centurion . . . that [Plaintiff's] procedure has been approved," and a March 2020 response from the Health Services Contract Monitoring Program's Evaluation Administrator regarding correspondence Plaintiff sent to the current ADC Director in February 2020.  These allegations in no way suggest Defendants Gay, Hahn, and Ryan were acting with deliberate indifference in 2017.  Thus, the Court will dismiss the Second Amended Complaint for failure to state a claim.

### III. Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint.  "Leave to amend need not be given if a complaint, as amended, is subject to dismissal."  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint.  *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).  Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend.  *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court.  The Court finds that further opportunities to amend would be futile.  Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

. . . .

. . . .

**IT IS ORDERED:**

(1)  Plaintiff's Second Amended Complaint (Doc. 23) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2)  The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3)  The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 1st day of May, 2020.

James A. Teilborg
Senior United States District Judge