WO

MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Dobson,<br><br>           Plaintiff,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>           Defendants. | No.  CV 19-05874-PHX-JAT (ESW)<br><br>**ORDER** |

**I.   Procedural History**

On December 23, 2019, Plaintiff Michael Dobson, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis.  In a January 10, 2020 Order, the Court denied the deficient Application to Proceed and gave Plaintiff thirty days to either pay the administrative and filing fees or file a complete Application to Proceed In Forma Pauperis.

On January 15, 2020, Plaintiff filed a second Application to Proceed In Forma Pauperis.  On January 22, 2020, Plaintiff filed a collection of exhibits in a document titled "RE: Paperwork Judge Requested for Brian D. Karth."[1]  On January 31, 2020, Plaintiff filed a "Motion for Issu[a]nce of the Subpoena for Medical Records Discovery."  In a February 5, 2020 Order, the Court granted the second Application to Proceed, dismissed

---

[1] The Court did not request any paperwork from Plaintiff other than information in support of his request to proceed in forma pauperis.

the Complaint because Plaintiff had failed to state a claim, denied without prejudice the discovery motion, and gave Plaintiff thirty days to file an amended complaint that cured the deficiencies identified in the Order.

On February 10, 2020, Plaintiff filed a First Amended Complaint and a second "Motion for Issu[a]nce of the Subpoena for Medical Records Discovery." In a February 26, 2020 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim, denied without prejudice the discovery motion, and gave Plaintiff thirty days to file a second amended complaint that cured the deficiencies identified in the Order.

On March 9, 2020, Plaintiff filed a "Motion for Injunction to Stop Deliberate Interference of Surgery Under 18 USC 2283," which the Court denied in a March 13, 2020 Order. Plaintiff also filed a Notice of Appeal from the February 26, 2020 Order.

On March 25, 2020, Plaintiff filed a Motion for Extension to Amend. In an April 2, 2020 Order, the Court granted the Motion for Extension to Amend and gave Plaintiff an additional thirty days to file his second amended complaint. On April 6, 2020, Plaintiff filed a Motion to Stay Amendment Pending Appeal, which the Court denied in an April 20, 2020 Order.

On April 24, 2020, Plaintiff filed a Second Amended Complaint. In a May 1, 2020 Order, the Court dismissed the Second Amended Complaint and this action because Plaintiff had failed to state a claim. The Clerk of Court entered Judgment the same day.

**II.    Pending Motion**

On April 30, 2020, Plaintiff filed a Motion for Leave to Amend Complaint (Doc. 25).[2] Plaintiff requests permission to amend his Second Amended Complaint "to name other officials who ignored [his] medical compla[i]nts as these defendants are the cause of injury." Plaintiff also requests the Court appoint an attorney "for the limited purpose of stating a claim that involves a very sophisticated medical

---

[2] Because the Clerk of Court did not docket the Motion until May 1, 2020, the Court was unaware of it when the Court issued the May 1, 2020 Order.

condition, which expert testimony is required to prove caus[a]tion." Plaintiff contends he lacks the legal and medical education to "meet the standard of the 'sophistication' of his injury."

Plaintiff offers no explanation as to why these "other officials" were not included in his original Complaint, First Amended Complaint, or Second Amended Complaint and he has not lodged a third amended complaint that includes any information about these "other officials" and what they allegedly did or failed to do. Thus, the Court will deny Plaintiff's request for permission to amend his Second Amended Complaint.

The Court will also deny Plaintiff's request for the appointment of counsel. There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case.

**IT IS ORDERED:**

    (1)    Plaintiff's Motion for Leave to Amend Complaint (Doc. 25) is **denied**.

    (2)    This case must remain **closed**.

. . . .

. . . .

. . . .

. . . .

(3) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 6th day of May, 2020.

James A. Teilborg
Senior United States District Judge